# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARED MARTEL WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV1282 NCC |
| UNKNOWN MITCHELL, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jared Martel Williams (registration no. 1178282), an inmate at Jefferson City Correctional Center ("JCCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.25. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $116.25, and an average monthly balance of $23.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.25, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Mitchell (Major); Shawn Robinson (Correctional Officer); Sonya White (Lieutenant); Unknown Sturdivant (Correctional Officer); Unknown Love

(Lieutenant); Unknown House (Correctional Officer); Unknown Gayden (Correctional Officer); Toriano Tate (Correctional Officer); Tiffany Smith (Correctional Officer); Unknown Shields (Correctional Officer); Unknown Goodwin (Correctional Officer); Unknown Miller (Correctional Officer). Plaintiff names defendants in both their individual and official capacities.

Plaintiff alleges that in July of 2012 he was incarcerated at the St. Louis City Justice Center.[1] He claims that on July 28, 2012, he was being escorted to the medical bay with another inmate to see the doctor. He asserts that while they were waiting to see the doctor, still "cuffed up," another inmate came out from seeing the doctor and knocked out the correctional officer who was watching over the medical bay. Plaintiff states that he was told by one of the defendants to go into the "Bullpen" to wait while defendants tended to the knocked out correctional officer, so plaintiff walked into the "Bullpen" with his handcuffs still on.

Plaintiff claims that defendants "kept looking at [him] like he was the one who [knocked out the correctional officer.]" Plaintiff claims that after leaving him in the Bullpen for about thirty (30) minutes, they opened the Bullpen and "grabbed him aggressively," and took him to the elevators and started banging his head on the elevator wall and punching him and banging his head against the concrete wall.

Plaintiff states that he was badly beaten by the identified defendants. He claims that defendant Love hit him in the head with her walkie-talkie, and split his left ear. He asserts that Lieutenant Sonya White also hit him with her walkie-talkie, smacking him in the chest. He alleges that defendants Robinson, Miller, Sturdivant, Goodwin and Gayden punched and kicked him multiple times. Plaintiff also claims that defendant Toriano Tate banged his head in the wall, finally causing him to pass out from a concussion. Plaintiff asserts that defendants Tiffany Smith

---

[1]From the allegations in the complaint it is not clear if plaintiff was a pretrial detainee at the time he was being held in the St. Louis City Justice Center, or if he had already been convicted of a crime and been sentenced to time in prison at the time the events in the complaint occurred.

and Unknown Shields did not engage in excessive force against him, but that they did not stop the other officers from beating him up.

Plaintiff alleges that he was taken to SLU hospital after he was beaten up and diagnosed with a concussion and had to have his left ear stitched back together. He claims that eight (8) days later he began having seizures as a result of his head injuries from the beating. Plaintiff alleges that he currently still suffers from seizures and migraines as a result of the damages he incurred from defendants. He asserts that in order to cover for their behavior, defendants wrote him up for a frivolous conduct violation report, however, he was never charged with an assault on a correctional officer. He claims that his sister was told by defendant Major Mitchell that on the date of the supposed altercation he never had physical contact with any officer. Plaintiff believes Major Mitchell's testimony should prove that the incident report filed by the other defendants was untrue.

Plaintiff seeks compensatory and punitive damages in this action.

## Discussion

The Court will issue process or cause process to issue on plaintiff's individual capacity claims for excessive force against defendants Lieutenant Unknown Love, Lieutenant Sonya White, Correctional Officer Shawn Robinson, Correctional Officer Unknown Miller, Correctional Officer Unknown Sturdivant, Correctional Officer Unknown Goodwin, Correctional Officer Unknown Gayden and Correctional Officer Toriano Tate.

The Court will also issue process on plaintiff's individual capacity claims for failure to intervene against defendants Correctional Officer Tiffany Smith and Correctional Officer Unknown Shields. However, plaintiff's official capacity claims against these correctional officers will be dismissed.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis City was responsible for the alleged violations of plaintiff's constitutional rights. As such, plaintiff's official capacity claims against all of the defendants are subject to dismissal.

Additionally, plaintiff has not made any personal allegations against Major Unknown Mitchell, and as such, he will be dismissed from this lawsuit. See *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Correctional Officer Shawn Robinson; Lieutenant Sonya White; Correctional Officer Unknown Sturdivant; Lieutenant Unknown Love; Correctional Officer Unknown House; Correctional Office Unknown Gayden; Correctional Officer Toriano Tate; Correctional Officer Tiffany Smith; Correctional Office Unknown Shields; Correctional Officer Unknown Goodwin; Correctional Officer Unknown Miller. Defendants shall be served pursuant to the Waiver of Service Agreement this Court maintains with the St. Louis City Counselor's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants are subject to dismissal because these claims fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that no process shall issue on Major Unknown Mitchell because plaintiff's claims against him fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of September, 2017.

                                              HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE