# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARED MARTEL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-1282 NCC |
| UNKNOWN MITCHELL, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendants Betty Love and Haniyyah Shields have not been served with process.

Plaintiff commenced this action in this Court on April 6, 2017. The Court reviewed plaintiff's complaint on September 5, 2017, and process was effected on all claims and defendants that survived review pursuant to 28 U.S.C. § 1915. On that date, the Clerk attempted to serve process upon defendants Betty Love and Haniyyah Shields via the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office, as plaintiff averred in his complaint that Betty Love and Haniyyah Shields worked at the St. Louis City Justice Center as Correctional Officers.

The St. Louis City Counselor's Office declined to waive service as to Betty Love and Haniyyah Shields, stating that they were no longer employed by the St. Louis City Justice Center. The Court subsequently directed counsel for the St. Louis City Counselor's Office to inform the Court of Betty Love's and Haniyyah Shields' last known addresses for the purpose of effectuating service. Counsel timely provided the requested addresses, and the Court directed the Clerk to effectuate service of process upon defendants at the addresses.

On July 6, 2018, service on Betty Love was returned unexecuted, and the Return of Service indicates that "Address does not exist anymore. The entire street is empty of all houses." Also on July 6, 2018, service on Haniyyah Shields was returned unexecuted, and the Return of Service indicates that a teenager who answered the door at the residence stated that Ms. Shields did not live at the address.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed his complaint naming Betty Love and Haniyyah Shields as defendants, and service has been attempted twice without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made. In light of plaintiff's status as a *pro se* and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that Betty Love and Haniyyah Shields may be timely served under Rule 4(m). Plaintiff's response to the Court is due no later than 21 days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than 21 days from the date of this Order, plaintiff shall provide the Court with adequate information such that Betty Love and Haniyyah Shields may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of Betty Love and Haniyyah

Shields from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 17th day of July, 2018.

                                                  /s/ Noelle C. Collins
                                                  NOELLE C. COLLINS
                                                  UNITED STATES MAGISTRATE JUDGE