UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JARED MARTEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1282 NCC |
| | ) | |
| UNKNOWN MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Marco Sturdivant has not been served with process.

Plaintiff commenced this action in this Court on April 6, 2017. The Court reviewed plaintiff's complaint on September 5, 2017, and process was effected on all claims and defendants that survived review pursuant to 28 U.S.C. § 1915. On that date, the Clerk attempted to serve process upon defendant Marco Sturdivant via the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office, as plaintiff averred in his complaint that Marco Sturdivant worked at the St. Louis City Justice Center as a Correctional Officer.

The St. Louis City Counselor's Office declined to waive service as to Marco Sturdivant, stating that he was no longer employed by the St. Louis City Justice Center. The Court subsequently directed counsel for the St. Louis City Counselor's Office to inform the Court of Marco Sturdivant's last known addresses for the purpose of effectuating service. Counsel timely provided the requested address, and the Court directed the Clerk to effectuate service of process upon defendant at the address provided by counsel.

On July 31, 2018, service on Marco Sturdivant was returned unexecuted, and the Return of Service indicates that "The tenants in [the building] state this individual no longer resides at [this address]."

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed his complaint naming Marco Sturdivant as a defendant, and service has been attempted twice without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made. In light of plaintiff's status as a *pro se* and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that Marco Sturdivant may be timely served under Rule 4(m). Plaintiff's response to the Court is due no later than 21 days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than 21 days from the date of this Order, plaintiff shall provide the Court with adequate information such that Marco Sturdivant may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of Marco Sturdivant from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 14th day of August, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE