# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JARED MARTEL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-1282 NCC |
| UNKNOWN MITCHELL, et al., | ) ) ) |
| Defendants. | ) |

## AMENDED MEMORANDUM AND ORDER[1]

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Sonya White has not been served with process.

Plaintiff commenced this action in this Court on April 6, 2017. The Court reviewed plaintiff's complaint on September 5, 2017, and process was effected on all claims and defendants that survived review pursuant to 28 U.S.C. § 1915. On that date, the Clerk attempted to serve process upon Sonya White via the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office, as plaintiff averred in his complaint that Sonya White worked at the St. Louis City Justice Center as Correctional Officers.

The St. Louis City Counselor's Office declined to waive service as to Sonya White, stating that she was no longer employed by the St. Louis City Justice Center. The Court subsequently directed counsel for the St. Louis City Counselor's Office to inform the Court of Sonya White's last known addresses for the purpose of effectuating service. Counsel timely provided the requested address, and the Court directed the Clerk to effectuate service of process upon defendant at that address.

---

[1] On September 17, 2018, the Court issued a Memorandum and Order that mistakenly referred to "Sonya Tate." Defendant's name is actually "Sonya White." This order has been changed from the September 17, 2018 Memorandum and Order only with reference to defendant's proper name, "Sonya White."

On September 13, 2018, service on Sonya White was returned unexecuted, and the Return of Service indicates that service was attempted at three separate times but no one was home at any time.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed his complaint naming Sonya White as a defendant, and service has been attempted several times without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made. In light of plaintiff's status as a *pro se* and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that Sonya White may be timely served under Rule 4(m). Plaintiff's response to the Court is due no later than 21 days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than 21 days from the date of this Order, plaintiff shall provide the Court with adequate information such that Sonya White may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of Sonya White from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this  24th   day of September, 2018.

      \s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE