UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JARED MARTEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1282 JCH |
| | ) | |
| EKE GAYDEN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Counts Three and Four of Plaintiff's First Amended Complaint, filed January 6, 2020. (ECF No. 116). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff alleges that on or about July 28, 2012, while he was incarcerated as a pre-trial detainee at the St. Louis City Justice Center, Defendants Eke Gayden, Juannell Goodwin, Brandon House, and Toriano Tate subjected him to unjustified, unnecessary, and unlawful physical violence. (First Amended Complaint ("Complaint" or "Compl."), ¶ 1). Specifically, Plaintiff alleges that while he was shackled, handcuffed and compliant, Defendants physically struck him in an elevator. (*Id.*, ¶¶ 30-35). Once off the elevator, Defendants momentarily stopped beating Plaintiff. (*Id.*, ¶ 39). Upon opening the door to Plaintiff's unit, however, all four Defendants began beating him again with increased ferocity. (*Id.*, ¶¶ 42, 43). Plaintiff alleges the physical violence injured him so severely that he had to be taken to a hospital for treatment and evaluation. (*Id.*, ¶¶ 1, 54-57).

Plaintiff filed his original Complaint in this matter on April 6, 2017. (ECF No. 1). In his First Amended Complaint, filed December 20, 2019, Plaintiff asserts the following causes of action: 42 U.S.C. § 1983—Fourth, Fifth and Fourteenth Amendments (Count One); 42 U.S.C. § 1983—Conspiracy (Count Two); 42 U.S.C. § 1985—Conspiracy to Deprive of Rights or Privileges (Count Three); and State Law Battery (Count Four). (ECF No. 115).

As stated above, Defendants filed the instant Motion to Dismiss Counts Three and Four of Plaintiff's First Amended Complaint on January 6, 2020, claiming Count Three must be dismissed for failure to state a claim, and Count Four must be dismissed as time-barred. (ECF No. 116). Plaintiff does not oppose Defendants' Motion to Dismiss Count Four (*see* Plaintiff's Memorandum in Partial Opposition to Defendants' Motion to Dismiss Counts Three and Four, P. 8), and so the Court limits its discussion to Count Three.

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## **DISCUSSION**

In their Motion to Dismiss, Defendants assert Count Three of Plaintiff's Complaint must be dismissed because Plaintiff fails to plead facts sufficient to show an agreement toward unconstitutional action by Defendants. (*See* Defendants' Memorandum of Law in Support of Motion to Dismiss Counts Three and Four, P. 3). "In order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1077-78 (8th Cir. 2016) (internal quotations and citation omitted). "This standard requires that allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Id.* at 1078 (internal quotations and citations omitted).

Upon consideration, the Court agrees that Plaintiff fails adequately to state a claim for § 1985 conspiracy. The Court's review of Plaintiff's Complaint reveals no facts suggesting the individual Defendants reached an agreement or meeting of the minds; instead, Count Three relies solely on Plaintiff's conclusory allegation that Defendants "conspired with each other and with other unnamed co-conspirators with the intent to deprive Plaintiff of equal protection of the laws of Missouri and the United States, and equal privileges and immunities under the laws of Missouri and the United States." (Compl., ¶ 90). "[A]lthough an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Alton v.*

*Faerber,* Case No. 4:09CV1070 JCH, 2009 WL 2235913*,* at *2 (E.D. Mo. Jul. 27, 2009) (citing *Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993)). *See also Kelly*, 813 F.3d at 1078 (dismissing conspiracy claim when plaintiff failed to allege any facts showing how and when defendants came to an agreement to violate her rights). Plaintiff's conspiracy claim is wholly conclusory, and as a result, fails to state a claim upon which relief can be granted. *See Johnson v. Perdue*, 862 F.3d 712, 718 (8th Cir. 2017) (internal quotations and citation omitted) ("The complaint includes no facts suggesting the individual defendants reached an agreement; instead, it relies on conclusory allegations that the defendants conspired through mutual decisions and correspondence and acted in concert and with a mutual understanding. Because [plaintiff] was unable to point to at least some facts which would suggest that [defendants] reached an understanding to violate [his] rights, he has not sufficiently alleged a conspiracy."). *See also Hardy v. City of Kansas City, Mo.*, Case No. 4:19CV237 DGK, 2019 WL 3842876, at * 2 (W.D. Mo. Aug. 14, 2019); *Williams v. Progressive Ins. Co.*, Case No. 4:16CV1214 JAR, 2017 WL 1155894, at *2 (E.D. Mo. Mar. 28, 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts Three and Four of Plaintiff's First Amended Complaint (ECF No. 116) is **GRANTED**.

Dated this 2nd Day of Febrary, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE