IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARED WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:17-cv-01282-JCH |
| ) | |
| EKE GAYDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' SUBSTITUTE TRIAL BRIEF**

Defendants Eke Gayden, Juannell Goodwin, Brandon House and Toriano Tate submit the following trial brief in advance of the September 27, 2021 trial setting, as directed by the Court:

### FACTUAL/LEGAL ISSUES TO BE TRIED

Plaintiff has brought suit against four correctional officers working at the time he was confined at the St. Louis City Justice Center awaiting trial on felony charges including assault in the first degree and armed criminal action. Plaintiff claims the four officer-defendants used excessive force by beating him while he was being transported from one unit of the Justice Center to another. Specifically, plaintiff claims that while on an elevator in the Justice Center with numerous correctional officers, the officers began beating him and continued to beat him while transporting and attempting to secure him. Although plaintiff has testified that numerous other corrections officers participated in his beating, this case is proceeding against four of

those individual officers on the claims that they beat him unreasonably, causing him to lose consciousness and experience appreciable injuries. Plaintiff also claims that prior to and during the extended beating he endured, the four officer-defendants conspired to undertake this course of conduct that violated his civil rights.

The central issues to be tried in this case is whether any of the four officer-defendants used force on the plaintiff, and whether any of these uses of force were objectively reasonable under the circumstances. The use of force on disruptive prisoners partakes of both Fourth and Fourteenth Amendment principles, but whatever the source of protection for pretrial detainees, the basic principle is that the Constitution forbids only the use of unreasonable force when officers lawfully restrain such a person. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015); *Hollingsworth v. City of St. Louis*, 800 F.3d 985 (8th Cir. 2015). The reasonableness of any use of force is evaluated objectively, and objective reasonableness turns on the facts and circumstances of each particular case. *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). This determination must be made from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. *Id*. Further, the use of reasonable force, even if deadly force, can continue until the threat is ended. *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2022 (2014).

Defendants maintain that they were required to transport the plaintiff from the medical unit and that while transporting the plaintiff throughout the Justice Center, they used only the force necessary to ensure he remained restrained and to protect themselves from his violent thrashings and resistance. Defendants contend

that any uses of force against the plaintiff during this episode were objectively reasonable under the circumstances. Defendants also contend that there was no agreement among themselves or other officers to violate the civil rights of plaintiff.

## ANTICIPATED SUBSTANTIVE OR PROCEDURAL ISSUES

Defendants do not anticipate any serious substantive or procedural issues, while trying this case apart from the evidentiary objections they anticipate making, which will be outlined in the motions *in limine*, and apart from the intracorporate immunity issue discussed below. Defendants anticipate that jury selection may be impacted by the frequent coverage in the media of unrest in the Justice Center.

Defendants asserted qualified immunity as an affirmative defense. [Doc. 118, pg. 8]. Qualified immunity shields government actors from liability for "discretionary" acts when they are objectively legally reasonable, which is assessed "in light of the legal rules that were clearly established at the time" the challenged action was taken. ***Ziglar v. Abbasi,*** 137 S.Ct. 1843, 1865 (2017) (citation omitted). This standard requires that qualified immunity shields *all* government officials, with only two exceptions: the "plainly incompetent" and those who "knowingly violate the law." ***Id.*** at 1867.

The intracorporate conspiracy doctrine is premised on the established principle of law that has been aptly described by the Supreme Court:

> The Court's precedent indicates that there is no unlawful conspiracy when officers within a single corporate entity consult among themselves and then adopt a policy for the entity. See Copperweld Corp v. Independence Tube Corp., 467 U. S. 752, 769-771 (1984). Under this principle—sometimes called the intracorporate-conspiracy doctrine—

> an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy. Ibid. The rule is derived from the nature of the conspiracy prohibition. Conspiracy requires an agreement— and in particular an agreement to do an unlawful act—between or among two or more separate persons. When two agents of the same legal entity make an agreement in the course of their official duties, however, as a practical and legal matter their acts are attributed to their principal. And it then follows that there has not been an agreement between two or more separate people. See id., at 771 (analogizing to "a multiple team of horses drawing a vehicle under the control of a single driver").

*Id.* at 1867-1868.

The Eighth Circuit has long recognized and applied the intracorporate conspiracy doctrine repeatedly in the context of §1985. *E.g.*, **L.L. Nelson Enterprises v. County of St. Louis**, 673 F.3d 799 (8th Cir. 2012); **Cross v. General Motors Corp.**, 721 F.2d 1152 (8th Cir. 1983). Since §§ 1983 and 1985 are *in pari materia, see Jackson v. City of Cleveland*, 925 F.3d at 819, there is no sound reason for this Court to reject the intracorporate conspiracy doctrine in the § 1983 conspiracy context. Indeed, the application of the doctrine in the § 1983 context is peculiarly appropriate in light of the principles that municipalities cannot be vicariously liable for unconstitutional acts of their subordinates, *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and that supervisors cannot be liable for the conduct of subordinates absent personal involvement in the constitutional violation. *E.g.,* **L.L. Nelson Enterprises v. County of St. Louis**, 673 F.3d at 810. A conspiracy theory is just another means of asserting vicarious liability. *See* **Beck v. Prupis**, 529 U.S. 494, 503 (2000), citing *Royster v. Baker,* 365 S.W.2d 496 (Mo. 1963). Every individual

Defendant here, against whom Plaintiff alleges a §1983 conspiracy was an officer-employee of the City of St. Louis. As a matter of law, they could not conspire with each other or with other officers of the City so as to render them liable under §1983 for plaintiffs' injuries, caused by acts of other employees.

Even if this Court were to reject the applicability of the intracorporate immunity doctrine, the very uncertainty regarding whether it should apply in the context of § 1983 conspiracy counts renders it a question of unsettled law, meaning official immunity must shield them from Plaintiff's Count II. ***Ziglar***, 167 S. Ct. at 1866 ("an official loses qualified immunity *only* for violating clearly established law" (emphasis added)). ***Franklin v. St. Louis County***, 2021 U.S. Dist. Lexis 53761 at *25-26, 4:20-cv-1134 (E.D. Mo. Mar. 22, 2021); ***Burbridge v. City of St. Louis***, 2 F.4th 774, 782-783 (8th Cir. 2021).

Defendants will more fully develop and brief these arguments regarding qualified immunity in their motions for directed verdict, and, if necessary, in their motions for new trial.

Respectfully submitted,

**MATTHEW MOAK**
**CITY COUNSELOR**

By:      /s/ Steven R. Kratky
Steven R. Kratky,  #61442MO
Assistant City Counselor
Law Department, City of St. Louis
City Hall, Room 314
Saint Louis MO  63103
Tele: 314-622-3361
KratkyS@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and complete copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on this 23rd day of September, 2021.

                                                   /s/ Steven R. Kratky