IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

JARED MARTEL WILLIAMS,

        *Plaintiff,*

v.                                                                          Case No: 4:17- CV-01282-JCH

EKE GAYDEN, et al.,

        *Defendants.*

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

      COMES NOW Plaintiff, by and through the undersigned counsel, and for his Motion for Attorneys' Fees pursuant to E.D. Mo. Local Rule 8.02, Federal Rule of Civil Procedure 54(d)(2), and 42 U.S.C. § 1988, states as follows:

      1.      On April 6, 2017, Plaintiff brought this case against Defendants Eke Gayden, Juannell Goodwin, Brandon House, and Toriano Tate, and other defendants who would ultimately be dismissed, under 42 U.S. Code § 1983 to redress the violations of his constitutional rights. Dkt No. 1.

      2.      In his complaint, Plaintiff detailed the defendant-correctional officers' brutal beating of Plaintiff in 2012 at the St. Louis City Justice Center. The officers brutalized Plaintiff to the point of unconsciousness, all while he was handcuffed and shackled. Plaintiff was rushed to the hospital for urgent medical care. As a result of the officers' beating, Plaintiff suffers from seizures and other physical and mental health issues. Dkt No. 1 and 127.

      3.      Following Plaintiff's request for counsel, then-Husch Blackwell attorney Matthew Schelp was appointed to represent Plaintiff and entered his appearance on September 6, 2019. Dkt No. 106. Mr. Schelp was later appointed, and currently serves, as a United States District Court Judge in the Eastern District of Missouri. From the date of now-Judge Schelp's appointment through the present date, several attorneys have worked diligently to rectify the deprivation of Plaintiff's civil

1

rights. Most notably, these include the undersigned counsel, senior counsel Michael Martinich-Sauter, and associate Grant Ford. Mr. Ford now serves as a judicial clerk for Judge Schelp. As detailed further herein these papers, the undersigned counsel takes into account the turnover in personnel representing Plaintiff in arriving upon the reasonable attorneys' fees sought.

4.  Counsel deposed Defendants and key fact witnesses. Counsel deposed Defendants Brandon House and Eke Gayden on March 2, 2020; Defendants Juannell Goodwin and Toriano Tate on March 4, 2020, as well as fact witness Terris Henderson; and fact witness Ayanna Williams on February 18, 2020. Counsel engaged in extensive motion practice, including sophisticated motion practice that ultimately resulted in denial of Defendants' motion for summary judgment in August 2020. Dkt Nos. 126, 127, 131, 135, 145.

5.  Including *voir dire* and jury selection, trial in this matter lasted nearly three full days, followed by another day and a half of jury deliberations. The jury trial in this matter required lengthy additional hours, including meeting and consulting with Plaintiff, attending the jury instruction conference and thereafter preparing final jury instructions, and adapting witness questioning and closing arguments to conform to the evidence. Even during the jury's deliberations, counsel was required to carefully monitor questions posed by the jury and carefully explain the law to Plaintiff and his family members in attendance at trial. Dkt No. 194-214.

6.  After more than 4 years of protracted litigation, on September 30, 2021, this Court entered the following Judgment: jury verdict against Defendant Toriano Tate in the amount of $45,0000. Dkt No. 214.

7.  42 U.S.C. § 1988 provides that a prevailing party in a § 1983 action is entitled to reasonable attorneys' fees. *See, e.g., Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

8.  A civil rights plaintiff is considered to be a prevailing party if he or she succeeds on "any significant issue in the case," including, for instance, nominal damages. *Fernandez v. St. Louis Cty.,*

*Missouri*, No. 4:19-CV-01638-SNLJ, 2021 WL 1889914, at *11 (E.D. Mo. May 11, 2021); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

9. The Supreme Court has rejected the notion that the reasonableness of an attorney fee award under § 1998 is inherently linked to the underlying damage award. *City of Riverside v. Rivera*, 477 U.S. 561, 564-65 (1986) (fee award of $245,456.25 affirmed as reasonable relative to an award of $33,350.00 in damages).

10. The Prison Litigation Reform Act, 42 U.S.C. § 1997e provides additional considerations in assessing the propriety and validity of an award of attorneys' fees. More specifically, the PLRA provides that fees may be awarded from a defendant only when the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights contemplated in § 1988 and when the amount of the fee is proportionately related to the court ordered relief for the violation. § 1997e(d).

11. The PLRA "allows an award of attorney fees for 150 percent of the damages award." *Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004); *Dykes v. Mitchell*, No. 4:07-CV-733 CAS, 2009 WL 3242006, at *1 (E.D. Mo. Oct. 5, 2009) ("The PLRA limits the attorney-fee award against a defendant in prisoner civil-rights cases to 150 percent of the money judgment").

12. E.D. Mo. Local Rule 8.02 provides that a party seeking an award of attorneys' fees shall file a motion for attorneys' fees no later than twenty-one days after entry of final judgment pursuant to Fed. R. Civ. P. 58.

13. Plaintiff respectfully submits a declaration of lead counsel Matthew P. Diehr demonstrating the reasonableness of both the hours expended and the hourly rates charged. *See* Exhibit 1.

14. Finally, Plaintiff also submits Exhibit 2, a detailed list of the time entries reflecting work performed by the undersigned counsel and Husch Blackwell Senior Counsel Mike Martinich-Sauter.

15. Plaintiff also files contemporaneously his accompanying memorandum of points and authorities setting forth relevant law reinforcing that the Court should issue a fee award in the amount sought against Defendant Tate. Plaintiff's memorandum of points and authorities, as well as Exhibits 1 and 2, serve to support the following request based on the applicable law governing attorneys' fee awards.

16. Turning to the substance of Plaintiff's request, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983). Where lawyers have established billing rates, those rates are presumptively reasonable, which is dispositive of the Court's inquiry into the prevailing market rates. *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988).

17. Here, counsel respectfully requests that the Court order Defendant Tate to pay Plaintiff **$67,500.00** for attorneys' fees, which sum represents 150 percent of the damages award.

18. As described in more detail in the contemporaneously filed memorandum, this amount reflects several layers of substantial discounting. It omits hundreds of hours reasonably incurred in this case by Husch Blackwell timekeepers other than Mr. Diehr and Mr. Martinich-Sauter. And it is calculated based on hourly rates that are substantially below those regularly paid for Mr. Diehr's and Mr. Martinich-Sauter's time by sophisticated and cost-conscious clients, including on matters involving constitutional litigation against governmental entities. Even after those substantial discounts, the application of the PLRA's fee-award cap operates to further reduce an otherwise-recoverable award by nearly $10,000. *See* Exhibit 2 (reflecting fees incurred of $77,225.00).

WHEREFORE, Plaintiff prays this Court to order Defendant Tate to pay Plaintiff $67,500.00 for attorneys' fees and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

/s/ Matthew P. Diehr
Matthew P. Diehr
Husch Blackwell
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500
**Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 21st day of October, 2021, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Matthew P. Diehr*
**Counsel for Plaintiff**
