**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JARED WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 4:17-cv-01282-JCH |
| | ) |
| EKE GAYDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Plaintiff seeks compensation for several items in his submitted Bill of Costs [Doc. 216] that cannot be allowed. Costs allowable to successful civil litigants are itemized at 28 U.S.C. § 1920, which is a list "not to be routinely expanded." ***Zdunek v. Wash. Metro. Area Transit Auth.***, 100 F.R.D. 689, 692 (1983). Accordingly, Defendant Tate objects to the following items being taxed as costs herein as not authorized by law:

1. Mediation Fee

Plaintiff seeks $1,675.00 as costs for "mediation neutral fee." [Doc. 216, pageID 2431]. However, 28 U.S.C. § 1920 does not authorize mediation fees as taxable costs, and Local Rule further requires that each party "shall" bear its respective costs of mediation. **28 U.S.C. § 1920; *Bolderson v. City of Wentzville*,** No. 4:13-CV-2223 (CEJ), 2016 U.S. Dist. LEXIS 49504, at *5 (E.D. Mo. Apr. 13, 2016). Accordingly, Plaintiff cannot recover the $1,675.00 he claims as costs for mediation fees.

2.  Postage Charges

Plaintiff seeks a total of $43.94 as costs for "Fedex Charges." [Doc. 216, pageID 2432]. However, 28 U.S.C. § 1920 does not authorize postage as taxable costs, which are considered the ordinary costs of in the course of every litigation and are not chargeable. ***Bolderson***, at *4-5; ***Zdunek***, 100 F.R.D. at 692. These costs cannot be taxed as costs herein.

3.  Certificate of Good Standing Filing Fees

These fees are not specifically authorized by statute, nor were they otherwise necessary for the representation of Plaintiff and the prosecution of his claims. Accordingly, the $16.25 included in Plaintiff's Bill of Costs [Doc. 216, pageID 2432] should not be allowed.

4.  Certain Copy Costs

Costs for making copies of documents are recoverable "only to the extent that the copies were furnished to the Court or to opposing counsel." ***Tavarez v. Heckler***, 610 F. Supp. 1059, 1064 (S.D.N.Y. 1985); *see also* ***Moyer v. DVA Renal Healthcare, Inc.***, No. 4:08-CV-00087 BSM, 2009 U.S. Dist. LEXIS 30912, at *4 (E.D. Ark. Mar. 27, 2009) (copy costs must be reasonably necessary). Based on Plaintiff's itemization of costs, it is unclear the purpose for the copies, but Plaintiff claims to have made 2,458 copes, seeking a total of $371.40 as compensation therefor. [Doc. 216, pageID 2432]. Ultimately, very little documentary evidence was used in this case. In 2021, paper copies are difficult to justify as necessary. It is not clear why Plaintiff believes

almost 2,500 copies were necessary in this case. Plaintiff suggests $10 as a reasonable amount of money for Plaintiff's copy costs.

    5.   Special Process Server Fees

Plaintiff seeks compensation for special process servers. [Doc. 216]. Such fees are not authorized by 28 U.S.C. § 1920, instead only the fees of the Marshal are allowed. ***Zdunek***, 100 F.R.D. at 692. There was nothing exceptional about this case requiring the use of pricey special process servers, and accordingly Plaintiff's requested $85 in fees for the service of process in this case cannot be allowed. ***Id.***

    6.   "Other Service Related Costs"

Plaintiff requests $224.80 for "other service related charges." [Doc. 216, pageID 2430]. It is not clear what this amount is related to from Plaintiff's filings. To the extent it is related to special process server fees, it must be disallowed, and should be disallowed for the additional reason it is not clear why this amount should be taxed as costs.

    7.   Maximum Amount Allowed By Law Should Be Further Reduced

Subtracting the foregoing unauthorized costs leaves a total maximum amount of costs Plaintiff can recover under the law as $2,450.82. However, as Defendant Tate pointed out in his Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees, [Doc. _____], Plaintiff was not completely successful in this matter. Three of the four Defendants sued by Plaintiff obtained judgments in *their* favor. Accordingly, the maximum amount of costs authorized by law should be reduced in light of the equities of the case.

Defendant Tate submits that Plaintiff should be awarded no more than $612.71 in costs, representing one quarter of the $2,450.82 maximum amount allowed by law.

Respectfully submitted,

**SHEENA HAMILTON**
**CITY COUNSELOR**

By: _____/s/ Steven R. Kratky_____
Steven R. Kratky,  #61442MO
J. Brent Dulle, #59705MO
Law Department | City of St. Louis
City Hall | Room 314
Saint Louis MO  63103
Tele: 314-622-3361
Fax:  314-622-4956
KratkyS@stlouis-mo.gov
DulleB@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and complete copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on this 4th day of November, 2021.

_____/s/ Steven R. Kratky_____