IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARED WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:17-cv-01282-JCH |
| EKE GAYDEN, *et al.*, | ) ) ) |
| Defendants. | ) |

### MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff's request for attorneys' fees [Docs. 217, 218] cannot be granted in full. First, it completely ignores a critical component of the Prison Litigation Reform Act: that the hourly rate be limited to 150% of the set hourly rate for appointed counsel. The request is further undermined by the fact that Plaintiff's counsel submitted hours that cannot be compensated under the law, did not account for Plaintiff's counsel's inexperience in this area of law, Plaintiff's meagre success, or the relative simplicity of the facts and law. Accordingly, Plaintiff's Motion for Attorneys' Fees must be denied, at least in part.

**I. ATTORNEYS' FEES UNDER § 1988 AND THE PRISON LITIGATION REFORM ACT**

Plaintiff is correct that as a "prevailing party" he may be awarded a "reasonable attorney fee" pursuant to 42 U.S.C. § 1988 in that he obtained a jury verdict in his favor against one of the Defendants. The Prison Litigation Reform Act ("PLRA"), which applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility in which attorney's fees are authorized under

section 1988 of this title," however, places specific limitations on the amount of attorney fees that may be awarded. **42 U.S.C. § 1997e(d)**. The PLRA limits attorney fee awards in prisoner cases such as this one in four ways:

1. The fee award must be "proportionally related to the court ordered relief";
2. The fee must be "directly and reasonably incurred" in obtaining that relief;
3. The fee award cannot be based on an hourly rate in excess of the rate established for court-appointed counsel; and
4. The total fee award cannot exceed 150% of the money judgment entered against a defendant.

**42 U.S.C. § 1997e(d)**; *Boesing v. Hunter*, No. 4:04CV1268-DJS, 2007 U.S. Dist. LEXIS 36549, at *5 (E.D. Mo. May 18, 2007); *Cody v. Hillard*, 304 F.3d 767, 775 (8th Cir. 2002). These principles must govern the calculation of any attorney fee awarded to Plaintiff in this matter.

## II. CLAIMED HOURLY RATES EXCESSIVE

The claimed rates of Plaintiff's counsel are excessive in two respects. First, they are facially excessive in that they exceed the hourly rates of well-known civil rights lawyers in the St. Louis region. Second, they far exceed the amount authorized by the PLRA. Accordingly, the Court must reduce any attorney fee awarded in this Cause to no more than the amount authorized by law.

First, the rates claimed by Mssrs. Diehr and Martinich-Sauter greatly exceed the "ordinary fee for similar work in the community. ***Little Rock Sch. Dist. v. State Ark. Dep't of Educ.***, 674 F.3d 990, 995 (8th Cir. 2012) (citation omitted). Mr. Diehr submitted to the Court an hourly rate of $450, and Mr. Martinich-Sauter submitted an hourly rate of $350. [Docs. 217-1, 217-2]. Recently, however, this Court has held that partner-level lawyers who are dedicated experts in civil rights cases were entitled to no more than $400-$410 per hour. ***Willson v. City of Bel-Nor***, No. 4:18-CV-003 RLW, 2021 U.S. Dist. LEXIS 104387, at *7 (E.D. Mo. June 3, 2021) ($410 per hour for Anthony Rothert, the director of the local ACLU chapter for the last fifteen years); ***Robinson v. City of St. Louis***, No. 4:17-CV-156 PLC, 2020 U.S. Dist. LEXIS 144705, at *10 (E.D. Mo. Aug. 12, 2020) ($400 per hour to Jeremy Hollingshead, a practicing lawyer since 2007 who, "since 2014", devoted "nearly all" his practice to civil rights). For associate-level lawyers, hourly rates of approximately $250-$300 have been deemed to be appropriate for civil rights lawyers in the area. ***Id.***

Plaintiff's lawyers, while indisputably competent and capable, are simply not civil rights lawyers, let alone experienced veterans like Mr. Rothert. According to his own self-published biography on his firm's website, Mr. Diehr's practice focuses on assisting corporations with internal investigations and regulatory compliance, and "defending corporations and individuals accused of consumer fraud and violations of antitrust laws, healthcare fraud, and other violations of federal and state law." *See* HuschBlackwell Overview for Matthew P. Diehr, attached hereto as Exhibit A. Similarly, Mr. Martinich-Sauter's expertise lies in assisting clients as they "navigate

complex government and internal investigations," while his litigation experience primarily involves "patent and trade-secret litigation." *See* HuschBlackwell Overview for Michael Martinich-Sauter, attached hereto as Exhibit B. Defendant Tate reiterates his believe that Plaintiff's lawyers are both competent and highly regarded within their respective fields, but their expertise and experience does not include prosecuting civil rights violations under § 1983. In other words, their notable experience and achievements *in other areas of the law* cannot be used to inflate or justify expert-level hourly fees in this matter. Accordingly, Plaintiff's counsel cannot claim to be compensated far in excess of what veteran civil rights lawyers in this area are permitted by this Court to recover under § 1988.

Second, the PLRA establishes a cap on the amount plaintiff's lawyers may charge per hour in prisoner cases, namely: 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel." **42 U.S.C. § 1997e(d)(3)**; ***Boesing***, *supra*. For hours earned during calendar year 2021, the permitted hourly rate is $155.[1] Thus, the absolute maximum per hour that Plaintiff's counsel may charge in this matter is $232.50 (1.5 x 155 = 232.5). In light of Plaintiff's counsel's relative inexperience in civil rights plaintiff's litigation, Defendant Tate suggests that the appropriate amount of compensation for both of his lawyers is $200 per hour. Assuming that their total claimed hours are in fact allowable (which Defendant Tate disputes, see *infra*), Plaintiff's counsel should be awarded no more than $38,780.00 (193.9 x 200 = 38,780).

---

[1] The rates are published at https://ecf.ca8.uscourts.gov/newcoa/forms/cja/eVouchercompensation20.2.pdf

Page 4 of **9**

### III. TOTAL NUMBER OF HOURS CLAIMED IS EXCESSIVE

Plaintiff's counsel claims a total of 193.9 hours compensable hours. [Doc. 217-2, pageID 2740]. A careful study of those hours indicates that such number is excessive.

The PLRA mandates that only such hours that are "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" are compensable. **42 U.S.C. § 1997e(d)(1)(A)**. In analyzing a plaintiff's request for an attorney fee award, courts should "exclude hours that were not reasonably expended, such as hours that are excessive, redundant, or otherwise unnecessary." ***Robinson***, *supra* (citation and internal punctuation and signals omitted). Plaintiff Williams is "not entitled" to an award of "exorbitant legal fees with the expectation that the losing party will be called upon to pick up the entire tab." ***Id.***

Plaintiff's counsel claim hours that were not "reasonably expended" that were "directly…incurred in proving an actual violation of the plaintiff's rights. **42 U.S.C. § 1997e(d)(1)(A); *Robinson***, *supra*. For example, Mr. Diehr billed for "mentorship" of Mr. Martinich Sauter and "legal advocacy to client" [Doc. 217-2, pageID 2466], billed an hour for reviewing and analyzing the mediation statement [Doc. 217-2, pageID 2466], and significant amounts of time for "strategy" with Mr. Martinch-Sauter and one "M. Warren." [Doc. 217-2, pageID 2466-2467]. Mr. Martinich-Sauter likewise billed a significant amount of time for strategizing and meeting with other lawyers in his firm [Doc. 217-2, pageID 2467-2470], billed 1.2 hours for drafting "correspondence to client regarding settlement" [Doc. 217-2, pageID 2468], billed 26.9

hours for mediation-related activities [Doc. 217-2, pageID 2469-2470], and billed a substantial amount for drafting "correspondence," often to other members of his firm such as Mr. Diehr and "MG Warren" [Doc. 217-2, pageID 2467-2470]. None of the hours for mediation are compensable because they were not "directly and reasonably incurred in *proving* an actual violation of the plaintiff's rights." **42 U.S.C. § 1997e(d)(1)(A)** (emphasis added). Moreover, given Plaintiff's counsel's relative inexperience in civil rights cases, it is likely that all other hours claimed by them are not compensable.

Plaintiffs such as Mr. Williams are further not entitled to fees "for work that is clerical in nature," including "filing pleadings, scheduling depositions, securing court reporters, calendaring dates, reviewing emails from court clerk, coordinating the creation of binders, making photocopies, mailing documents, and mailing exhibits" or "reviewing nonsubstantive docket entries." **Robinson,** *supra*, at *20-21 (citations omitted). Mr. Martinich-Sauter, for example, billed for correspondence "with facility administration regarding scheduling of client call," and reviewing scheduling orders to identify upcoming deadlines" [Doc. 217-2, pageID 2468-2469]. These types of entries "are not legal work" and accordingly should be excluded from the total number of compensable hours. **Robinson**, at *22.

Given the totality of the circumstances, Defendant Tate submits that Plaintiff's lawyers should be compensated for no more than 150 hours, which brings the total maximum amount Plaintiff's counsel may be awarded to $30,000.00 (150 x 200 = 30,000).

## IV. ADDITIONAL FACTORS REQUIRING A REDUCTION OF CLAIMED FEES

While Defendant Tate concedes that Plaintiff is in some respects a "prevailing party" so as to at least trigger a § 1988 analysis (as limited by the PLRA), that does not mean Plaintiff is *entitled* an award of attorney's fees. Instead, attorney fee awards are discretionary. **42 U.S.C. § 1988**. Accordingly, additional considerations such as the relative simplicity of the facts and legal issues in this case and Plaintiff's overall failure to prevail beyond the absolute minimum militate against an award of the maximum amount authorized by law.

First, this case was nothing more than a run-of-the-mill jail assault case. It is regrettable but nonetheless true that interactions between jail custodians and inmates sometimes turn violent, and this case was not unusual. There was very little in the way of documentary evidence, and there were not many witnesses. To those experienced in civil rights litigation involving excessive force, this case was a relatively easy one.

Second, while Plaintiff did obtain a verdict in his favor, it is the absolute minimum obtainable to be considered a "prevailing" party. Plaintiff's original complaint identified twelve defendants [Doc. 1]. By trial, only four defendants remained. At trial, Plaintiff sought judgment against each of the four Defendants on two counts, for a total of eight claims. Plaintiff prevailed on only one claim against a single Defendant, Toriano Tate. [Doc. 214]. Accordingly, Plaintiff is not entitled to a full award of attorney's fees in that he was not fully successful on all his claims. *See, e.g.,* ***Kahle v. Leonard***, 2008 U.S. Dist. LEXIS 53402, at *6 (D.S.D. July 14, 2008)

(reducing attorney fee award where plaintiff not successful against all defendants) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (*superseded in part on other grounds*)); **Robinson**, *supra*, at *28 (a "20 percent fee reduction based on Plaintiff's limited success is appropriate."). Given the comparative simplicity of this case and the fact that Plaintiff only barely qualifies as a "prevailing" party, Plaintiff should not be awarded the maximum amount allowable by law for attorney's fees.

V. Conclusion and an Appropriate Fee

Plaintiff's request for attorney's fees [Docs. 217, 218] cannot be granted in full. The amount clearly exceeds the caps set by the PLRA regarding the hourly rate that is compensable, and must be substantially reduced on that ground alone. Plaintiff's counsel further billed for tasks that were not "directly and reasonably incurred in proving an actual violation of the plaintiff's rights." **42 U.S.C. § 1997e(d)(1)(A)**. The *absolute* maximum that can possibly be awarded under the law is $30,000.00. Under the totality of the circumstances, however, given the relative simplicity of the case and Plaintiff's own modest success, the maximum amount is inappropriate.

The total amount that Plaintiff should be awarded as a reasonable attorney's fee under the circumstances is $15,000.00.

Respectfully submitted,

**SHEENA HAMILTON**
**CITY COUNSELOR**


By: ____/s/ Steven R. Kratky_____
Steven R. Kratky,  #61442MO
J. Brent Dulle, #59705MO
Law Department | City of St. Louis
City Hall | Room 314
Saint Louis MO  63103
Tele: 314-622-3361
Fax:  314-622-4956
KratkyS@stlouis-mo.gov
DulleB@stlouis-mo.gov


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on this 4th day of November, 2021.

____/s/ Steven R. Kratky_____