**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

JARED MARTEL WILLIAMS,

    *Plaintiff,*

v.                Case No:  4:17- CV-01282-JCH

EKE GAYDEN, et al.,

    *Defendants.*

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS BILL OF COSTS

COMES NOW Plaintiff Jared Williams, and for his reply memorandum in support of this bill of costs, hereby states as follows:

**1.  Mr. Williams is Entitled to the Full Amount of Costs Authorized by Law**

Mr. Williams won a sizeable judgment against Defendant Tate, and Tate's obligation to pay his costs should not be reduced by the outcome of Mr. Williams' claims against the other defendants. "A partially successful party is still a 'prevailing party,'" and there is a "strong presumption" that a prevailing party recover its taxable costs "in full measure." *Citimortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12CV246 CDP, 2015 WL 13691700, at *1 (E.D. Mo. Mar. 30, 2015) (awarding plaintiff the full amount of costs requested over defendant's objection that the costs should be proportionally reduced because plaintiff achieved only a partial victory); *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002). A district court must provide a rationale for reducing a prevailing party's cost award, and "[a] general statement of fairness is insufficient, without more, to rebut" the presumption that such a party recover its costs in full. *Thompson v. Wal–Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir. 2006). Thus, district courts routinely award successful plaintiffs their requested costs in full, despite those plaintiffs having not prevailed against every defendant. *See, e.g., Dorr v. Weber*, 741 F. Supp. 2d 1022, 1037 (N.D. Iowa 2010) (awarding plaintiff's claimed costs despite his limited success against

only one of several defendants on only one of several claims). Accordingly, Mr. Williams is entitled to the full amount of costs authorized by law.

### 2.   Mr. Williams is Entitled to his Copying Costs under §1920

Copying costs are recoverable if the copies were obtained for trial preparation; they do not have to be furnished to opposing counsel or the court to be taxable under §1920. *Slagenweit v. Slagenweit,* 63 F.3d 719, 721 (8th Cir. 1995); *see also Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) (discovery-related copying is taxable). A high volume of copies will not render them unrecoverable, as long as those copies were necessarily obtained for use in the case and not obtained merely for the convenience of counsel. *See I-Sys., Inc. v. Softwares, Inc.*, No. CIV.021951 (JRT/FLN), 2005 WL 1430323, at *15 (D. Minn. Mar. 7, 2005) (awarding plaintiffs' requested amount of $14,633.24 in photocopying costs when a large number of documents and pages of paper were exchanged between plaintiffs and defendants and their three sets of counsel). Mr. Williams requests costs for copies necessarily obtained for use in the case and not merely for the convenience of counsel, and he is thus entitled to the full $371.40 requested.

### 3.   Mr. Williams Will Not Seek Mediation Fees, Postage Fees, or Service Fees in This Bill of Costs

Mr. Williams waives his request for the mediation fee ($1,675.00), postage fees ($43.94), service fees ($309.80) in this bill of costs. Counsel notes that all of these costs are recoverable under § 1988, but Mr. Williams will nonetheless drop them in the interest of finality and because the Court-approved form used does appear to limit the amount sought to that provided under §1920. *See Willson v. City of Bel-Nor, Missouri*, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *9 (E.D. Mo. June 3, 2021) (awarding plaintiff expenses of $3,728.33 for service fees, mediation fees, printing costs, shipping costs, and certified mail costs under § 1988 as reasonable out-of-pocket costs and expenses that are part of the

costs a law firm would normally charge to a fee-paying client).  Counsel reserves the right to seek these costs in his parallel motion for attorneys' fees.

The original amount sought in Mr. Williams' bill of costs, ECF Doc. 216, was $4,855.76. Subtracting the three amounts above—$1,675 for mediation fee, $43.94 for postage fees, and $309.80 for service fees—yields a total taxable cost amount of $2,827.02.  Mr. Williams respectfully requests that the Court or the Clerk tax this amount as costs in this matter for Mr. Tate to pay to Mr. Williams as the prevailing party in this matter.

WHEREFORE, Mr. Williams respectfully requests that the Court grant Mr. Williams the amount of $2,827.02 as itemized in his bill of costs.

Dated: November 12, 2021                       Respectfully submitted,

/s/ Matthew P. Diehr
Matthew P. Diehr, #61999MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Matthew.Diehr@huschblackwell.com

**Counsel for Plaintiff Jared Martel Williams**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court and to be served via electronic mail upon all counsel of record.

/s/ Matthew P. Diehr
Matthew P. Diehr, #61999MO